IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEREMY M. SIPE, : | |
|     Plaintiff : | |
|     v. : | Case No. 3:23-cv-185-KAP |
| CLEARFIELD COUNTY JAIL, *et al.*, : | |
|     Defendants : | |

## Memorandum Order

In August 2023, plaintiff Jeremy Sipe filed a complaint against five defendants, alleging that when he was a pretrial detainee at the Clearfield County Prison on December 31, 2022, he was ordered by prison personnel to sort through garbage (contraband seized during a search) contained in a 55-gallon barrel. Sipe, issued gloves, reached in the barrel and by his description almost immediately pricked the little finger of his left hand on what Sipe believes to be a tattoo needle. Sipe was treated for the profuse bleeding on the spot by corrections personnel, and seen the next day by medical personnel. By July 23, 2023, Sipe had been given two blood tests for unspecified diseases. The test results were negative. Sipe believed that standard testing procedures required three tests by that date; Sipe also complained that student nurses "botched" another six attempted tests. Sipe alleged that he has been put in what he calls "protocol" for future blood draws. Sipe suffers from emotional distress because he fears that he may have some future disease as a result of his injury. He is in this court because he believes that he has a federal claim for what he calls "the negligent infliction of a most preventable physical injury that may or may not have contracted a life threatening disease by and thr[ough] my blood" against Sergeant Christopher Folmar, Lieutenant Tori Kerr, and corrections officer Cassie Miller, the corrections personnel connected with the search and the order to Sipe to sort through the garbage, the prison itself (which is not a legal entity), and Prime Care Medical, Inc., the medical care provider at the Prison.

Both the corrections personnel defendants and the prison medical contractor filed motions to dismiss, to which Sipe has not replied. Although I could dismiss the complaint for failure to prosecute, *see* Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir.1984); Hildebrand v. Allegheny County, 923 F.3d 128, 132 (3d Cir.2019), the appropriate sanction would be dismissal without prejudice, and that would only prolong this matter.

Fed.R.Civ.P. 8(a) requires a complaint to be a short and plain statement containing sufficient factual matter that if accepted as true would state a legal claim that is plausible on its face. Conclusory listing of claims or elements of claims is not adequate. *See* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In the Supreme Court's

1

words, plaintiff must allege enough facts in the complaint to "nudge" a claim "across the line from conceivable to plausible." *Id.*, 556 U.S. at 683, *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Further, plaintiff must in a nonconclusory way allege facts that permit the inference that each named defendant is liable. *See* Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir.2005); Chavarriaga v. New Jersey Department of Corrections, 806 F.3d 210, 222 (3d Cir. 2015). Since the prison itself is not a legal entity and Sipe alleges no facts that would support municipal liability, the Clearfield County Jail will be dismissed as a defendant.

Injuries inflicted by the negligence of government personnel are not automatically violations of the Constitution or federal law. Ordinarily, a claim of negligence is a tort to be redressed, if a cause of action exists under state law, in state court. Daniels v. Williams, 474 U.S. 327, 333 (1986) ("[I]njuries inflicted by governmental negligence are not addressed by the United States Constitution"). Whether alleged facts if proved would amount to a federal claim of deliberate indifference, a state law claim of negligence, or anything at all, is a question of law for the Court. *See* Ashcroft v. Iqbal, *supra*, 556 U.S. at 686: "[T]he Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context."

As the Supreme Court has stated, prison management decisions that do not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety to be actionable because it is "*obduracy and wantonness, not inadvertence or error in good faith*, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Wilson v. Seiter, 501 U.S. 294, 298–99 (1991) (internal citations and quotations omitted). The Supreme Court has held that to have a federal claim for deliberate indifference, an inmate plaintiff must allege facts permitting two inferences: (1) that the conditions he faced were, objectively, sufficiently serious to pose "a substantial risk of serious harm," and (2) the defendant subjectively knew of and disregarded that excessive risk to inmate health or safety. That is, the defendant must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 834–38 (1994).

From Farmer v. Brennan, it follows that prison workplace accidents are not excluded from giving rise to federal cases if the plaintiff can allege both the objective and subjective components of a claim. Sipe's complaint is scanty: in relevant part he alleges only "that Sgt. Folmar was in charge and catalogued the events, that Cassie Miller, a former c/o here confiscated the needles and that neither properly disposed of them, even when the prison has proper "Sharpsboxes" in the facility. Then lastly the actions of Lt. Kerr to have me put my hands in the barrel, to sort thr[ough] confiscated contraband, this to me is an action that should have never been done and for several reasons, the first of

which is safety."

Sipe has alleged the objective component as to the corrections personnel. That he was exposed to a risk of injury does not automatically imply the subjective component of a deliberate indifference claim. *See* Caldwell v. Beard, 324 Fed.Appx. 186, 188 (3d Cir. 2009)(Affirming the dismissal of a claim by an inmate working in the kitchen that defendants were deliberately indifferent to his being scalded by "extremely hot water," the Court of Appeals held that "[a]lthough increased water temperature in the prison's kitchen may pose a risk, Caldwell's allegations do not reflect the deliberate indifference required to impose liability under the Eighth Amendment.") Sipe, barely, alleges enough that it could be concluded that Miller knew, because she allegedly confiscated the needles, that there were needles in the garbage. No such allegations are made against Folmar and Kerr. Merely being part of events, or in Folmar's case being in charge of events, does not make Folmar and Kerr liable for Miller's actions.

As for the medical care provider at the prison, Sipe alleges neither an objective nor a subjective component of a deliberate indifference claim. Sipe was treated at the time of the injury and was seen by medical personnel the next day. Despite Sipe's suggestion that he needed to complain to be placed in a monitoring protocol, he acknowledges that he has been followed for his risk of exposure to infectious diseases. His belief that he should be followed more closely alleges no deliberate indifference by any employee of Prime Care. Although Sipe complains that several of his blood tests have been "botched" by student nurses, if his allegations were proved, and if the unsuccessful blood tests caused him some compensable injury, Sipe would at most have a claim of medical negligence, redressable in state court.

The motion at ECF no. 16 is granted in part and denied in part: the complaint is dismissed as to Clearfield County Jail, Christopher Folmar, and Tori Kerr. The motion at ECF no. 10 is granted: the complaint is dismissed as to Prime Care Medical, without prejudice to plaintiff pursuing any state law claim for negligence within a reasonable time by following the provisions of 42 Pa.C.S.§ 5103 (b)(1) and (2). Defendant Miller shall file an answer to the complaint within twenty days. Plaintiff is cautioned that a future failure to respond to motions and orders may result in the dismissal of his complaint.

The remaining parties shall follow this pretrial schedule:

1.  Motions, other than those mentioned in ¶2 and ¶3 below, shall be accompanied by a memorandum of law and responded to within twenty days.

2.  Discovery shall be completed by October 31, 2024. Discovery motions should succinctly state the matter in dispute and need not be accompanied by any memorandum of law; discovery motions shall be responded to within five days. Absent

order to the contrary, the filing of a motion to dismiss or motion to compel discovery shall not stay discovery.

      3.    Motions for summary judgment shall be filed on or before November 30, 2024, and shall be responded to by the opposing party within thirty days of filing.

      4.    The dates for filing of pretrial statements and trial shall be scheduled after any dispositive motions have been decided. If no summary judgment motions are filed, plaintiff's pretrial statement shall be filed on or before December 31, 2024, and defendant's pretrial statement shall be filed on or before January 30, 2025.

DATE: May 9, 2024

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

Jeremy M. Sipe, Booking No. 22-679
Clearfield County Jail
115 21st Street
Clearfield, PA 16830