IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEREMY M. SIPE, : | |
|     Plaintiff : | |
|     v. : | Case No. 3:23-cv-185-KAP |
| CLEARFIELD COUNTY JAIL, *et al.*, : | |
|     Defendants : | |

<u>Memorandum Order</u>

    In August 2023, plaintiff Jeremy Sipe filed a complaint against five defendants – the Clearfield County Prison, its medical care provider, and three corrections personnel - alleging that when he was a pretrial detainee at the Clearfield County Prison on December 31, 2022, he was ordered by prison personnel to sort through garbage (contraband seized during a search) contained in a 55-gallon barrel, and when he reached in the barrel he pricked the little finger of his left hand on what he believes to be a tattoo needle.

    After service, defendants filed motions to dismiss. Being informed that all parties have consented to magistrate judge jurisdiction, I ruled on the motions, dismissing the complaint as to all defendants except Miller, one of the corrections officers. *See* ECF no. 20. I observed that Sipe did not reply to the motions and that "[a]lthough I could dismiss the complaint for failure to prosecute, *see* <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863, 868 (3d Cir.1984); <u>Hildebrand v. Allegheny County</u>, 923 F.3d 128, 132 (3d Cir.2019), the appropriate sanction would be dismissal without prejudice, and that would only prolong this matter."

    Miller filed an answer two months ago. Yesterday, after two and a half months in postal limbo, my May 9, 2024 memorandum order at ECF no. 20 disposing of the motions to dismiss was returned as undeliverable because Sipe is no longer at the Clearfield County Prison. Sipe has not provided a current address to the Clerk. Under the same precedent considered in May, the balance now tips toward dismissal of the complaint as to Miller. As a *pro se* litigant Sipe is responsible for his failure to prosecute, although there appears to be little prejudice to the defendant there is a history of repeated failures to prosecute, and alternative sanctions are meaningless with an indigent defendant. The probability that I could find Sipe is not part of the Poulis/Hildebrand analysis because it is not the duty of the Court to track litigants down.

    The remaining portion of the complaint is dismissed without prejudice. If Sipe contacts the Court or Clerk, the Clerk shall provide him a copy of this order and ECF no. 20. Sipe can then move to reopen this matter, showing cause for his failure to prosecute. Defendant Miller may reply within twenty days of any motion to reopen. If

Sipe does not move to reopen this matter before the running of the limitations period, I will dismiss the complaint with prejudice as to Miller.

    The Clerk shall mark this matter closed.

DATE: July 31, 2024

                                        Keith A. Pesto,
                                        United States Magistrate Judge

Notice by ECF to counsel